IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| Rosendo Roberts,<br><br>*Plaintiff*<br><br>v.<br><br>Lockheed Martin Corp., *and*<br>Cosmogony II. Inc.,<br><br>*Defendant.* | **1:23-cv-00005-WAL-EAH**<br><br>*Formerly SX-2022-CV-00579*<br><br>**Jury Trial Demanded**<br><br>**Complex Litigation Division** |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND FOR REMAND

COMES NOW the Plaintiff to file this motion for leave to file an amended complaint. Further, once the amended complaint is granted there is no longer diversity jurisdiction; thus this Court should also order remand of this action back to the Superior Court.[1] Plaintiff has met and conferred with Defendants and Defendants have advised Plaintiff that this Motion is unopposed.

As the Court is familiar with these cases, the background will be brief. These cases arise out of exposure to toxic dusts (asbestos, alumina and bauxite) at the alumina/bauxite refinery. Plaintiffs have all been diagnosed with lung scarring injuries. Defendants typically are Glencore,

---

[1] This same motion will be filed in eleven cases.
1. Kenford George, 22-cv-56;
2. Paul Arnold, 22-cv-57;
3. Edwin Christopher 22-cv-58;
4. Silvio Garcia, 22-cv-59;
5. Ray McIntosh, Sr., 22-cv-60;
6. Charles A. Nicholas, Jr., 22-cv-61;
7. Rosendo Roberts, 23-cv-5;
8. Margrete Porcil, 23-cv-6;
9. Martin Matthew, 23-cv-24;
10. Bryon Peterson, 23-cv-29; and
11. Augustin Augustin, 22-cv-23.

Lockheed Martin and Cosmogony (along with sometimes Hess, HOVIC and IMC – if the plaintiff also worked at the oil refinery.) Cosmogony and IMC are Virgin Islands' corporations and local defendants.

Initially, a few years ago, Glencore removed various bauxite/alumina cases arguing that Cosmogony was fraudulently joined. The Court rejected Glencore's arguments and remanded dozens of cases.[2] Once failing to prevent remand in these other cases, Glencore tried a novel new tactic – Glencore filed an involuntary bankruptcy petition against Cosmogony. The automatic stay of the bankruptcy court prevented Plaintiffs in the past year from naming and/or pursuing Cosmogony as a defendant – thus Glencore removed these 11 actions to the District Court. Upon removal, Plaintiffs' counsel informed the this Honorable Court that Plaintiffs were seeking to **(a)** dismiss the bankruptcy and/or **(b)** lift the automatic stay to pursue Cosmogony's third-party liability insurance policies. Unfortunately, this took longer than expected: "The wheels of justice turn slowly, but grind exceedingly fine."[3]

---

[2] See, *Mathurin v. Hess Corp.*, 2021-cv-176, 2022 WL 991378, at *10 (D.V.I. Mar. 31, 2022) ("Glencore has failed to carry its heavy burden to establish that GEC and its successor-in-interest, Cosmogony, were fraudulently joined in this action. Accordingly, Glencore's Motion to Strike [Plaintiff's First Amended Complaint] will be denied and Plaintiff's Motion to Remand this action to the Superior Court will be granted.")

*Brooks v. Glencore Ltd.,* 2021-cv-251, 2022 WL 613292, at *5 (D.V.I. Mar. 1, 2022)(same)("Court finds that Glencore has failed to carry its heavy burden of establishing that Plaintiff fraudulently joined Cosmogony II, Inc., in this action. Accordingly, Plaintiff's Motion to Remand this action to the Superior Court of the Virgin Islands will be granted.")

*Mitchell v. Glencore Ltd.,* 2021-cv-179, 2022 WL 2274862, at *5 (D.V.I. June 23, 2022)(same)("Glencore failed to carry its burden to establish that Cosmogony was fraudulently joined in this action. Accordingly […] Plaintiff's "Motion for Leave to Amend the First Amended Complaint" and "Motion to Remand This Action to the Superior Court of the U.S. Virgin Islands on the Basis that Cosmogony II, Inc. Was Not Fraudulently Joined" will be granted.")

[3] Greek and Chinese proverb. See *LaCrosse v. CFTC,* 137 F.3d 925, 936 (7th Cir.1998) ("[T]he wheels of justice turn slowly.").

Once these 11 cases were removed, Glencore advised the Plaintiffs it would seek an Automatic Stay Violation if the Plaintiffs did not amend their complaints to remove references to Cosmogony and all allegations regarding Cosmogony in the Complaint. To avoid motion practice and placate Glencore the Plaintiffs filed amended complaints, via Stipulation, removing Cosmogony and the allegations against Cosmogony. Plaintiffs noted in their briefing papers they intended to add Cosmogony back-in as a party whenever possible. Further, the Plaintiffs continued litigation in the Bankruptcy Court to press the Plaintiffs' Motion to Lift the Automatic Stay to pursue Cosmogony as a nominal party up to the extent of Cosmogony's liability insurance policy limits. On August 29, 2023, Bankruptcy Judge Mary Walrath granted Plaintiffs' motion to lift the automatic stay to pursue Cosmogony as a nominal party up to the extent of Cosmogony's insurance policy limits (as issued by carriers IMS and Arrowpoint Capital).[4] See, **Exhibit 3.**

Plaintiffs now move to Amend their Complaints to simply add back in Cosmogony as a party (as originally pled) and the Cosmogony allegations (as originally pled) that were previously removed.[5]

---

[4] It is possible other insurance policies exist via Companion Assurance Insurance, the Virgin Islands Insurance Guarantee Fund, or others.

[5] Here, the Plaintiffs are just adding back in a previously named party, Cosmogony, which the Plaintiffs noted as a defendant in the original complaint (and in dozens of other bauxite/alumina lawsuits). The Plaintiffs always intended to pursue Cosmogony as a defendant, but were prevented from doing so by Glencore's tactical filing of an involuntary bankruptcy against Cosmogony. When analyzing amendment and remand under Section 1447(e), this Court has applied the four *Hensgens* factors in two recent cases, both times finding in favor of the plaintiff, granting both plaintiffs leave to amend and subsequently remanding the case to the Superior Court of the U.S. Virgin Islands. *See, e.g., Mitchell*, 2022 WL 2274862, at *4-5 (incorporating this Court's reasoning in *Mathurin* by reference and granting plaintiff leave to amend and remanding the case to the Superior Court of the U.S. Virgin Islands); *Mathurin*, 2022 WL 991378, at *9 (concluding under the totality of the *Hensgens* factors that "joinder of Cosmogony should be permitted and the case remanded to the Superior Court under 28 U.S.C. § 1447(e)."). The application of *Hensgens* is the same here, except that *Hensgens* favors amendment and remand even more here. Unlike the plaintiffs in those two cases, Plaintiff was prevented from naming Cosmogony as a defendant up to now because all litigation against it was subject to the automatic stay brought on by involuntary bankruptcy proceedings against it. Had Plaintiff been permitted to name Cosmogony at any point up to now, he would have done so. Therefore, it cannot be said that Plaintiff unduly delayed amending his complaint and seeking remand.

This will allow Plaintiffs to trigger the defense of Cosmogony by its insurers, to seek discovery, allow Plaintiff to issue expert reports regarding Cosmogony's liability, and eventually negotiate a settlement with Cosmogony's insurers or take the matter to trial for a jury to determine liability and damages.

This Court is well-aware the standard for amending complaints is liberal and to be freely-given. Rule 15(a) states that leave must be given "when justice so requires" and in the "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given." See, *Vitalis v. Crowley Caribbean Services, LLC,* 1:20-cv-20, 2020 WL 13133629, at *2 (D.V.I. Aug. 4, 2020)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of course, there is no bad-faith as Plaintiffs have always told defendants (and this Honorable Court) Plaintiffs will seek leave to add Cosmogony back in as a party. Further, there is no undue delay or dilatory motions – as Plaintiffs make this motion only days after the Bankruptcy Court granted the lifting of the automatic stay. There is no reason to treat this motion to file an Amended Complaint any differently than the dozens of cases in which this Honorable Court previously granted leave to amend and granted remand immediately thereafter. See supra, *Mathurin, Brooks* and *Mitchell*.

As this Court is a court of limited jurisdiction, once Plaintiffs do Amend their Complaints, this Court is obligated to remand these 11 cases to the Superior Court of the Virgin Islands.[6]

---

[6] Judge Lewis explains in *Mitchell v. Glencore Ltd.*, 2021-cv-179, 2022 WL 2274862 (D.V.I. June 23, 2022) that a Magistrate Judge does not have the power to rule on an amendment to a Complaint that would add a non-diverse party, breaking diversity and necessitating immediate remand. Thus, this motion must be ruled upon by the District Court Judge – though the Magistrate can issue a report and recommendation: "Indeed, 28 U.S.C. § 1447(e) speaks to 'joinder and remand,' if in joining an additional party the Court is deprived of subject matter jurisdiction[.] It is true that a motion to amend a complaint is generally the type of non-dispositive matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). However, under the circumstances here, the Motion to Amend involved a proposed amendment to add a non-diverse party as a defendant, which bears directly on the Court's subject matter jurisdiction in this action. Specifically, allowing the amendment

To effectuate this procedure, Plaintiffs enclose a proposed order that approves the filing of the amended complaints and then immediately orders remand to the Superior Court. Attached as **Exhibit 1** is the proposed Amended Complaint; attached as **Exhibit 2** is the red-lined Amended Complaint, attached as **Exhibit 3** is Judge Walrath's Order lifting the automatic stay as to Cosmogony to pursue available insurance.

Also enclosed is a proposed order.[7]

---

would destroy diversity jurisdiction and result in the need to remand the action to state court. This would constitute a dispositive order beyond the scope of a magistrate judge's authority under 28 U.S.C. § 636[.] However, a magistrate judge cannot selectively consider certain aspects of issues while placing other aspects that are integral to the resolution of the issues on hold for future consideration […] Alternatively, the magistrate judge could leave the entire matter for resolution by the district judge." *Mitchell* at *4.

[7] Jurisdiction must be resolved before any other motion or issue. See, *Bacon v. Grapetree Shores, Inc.,* 10-cv-71, 2013 WL 6332739, at *1 (D.V.I. Dec. 5, 2013) ( "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citing *Steel Co. v. Citizens for a Better Env't*, 553 U.S. 83, 94–95 (1998); *DeLagarde v. Tours VI Ltd.,* 76 V.I. 749, 754 (D.V.I. 2022) ("The requirement that jurisdiction be established as a threshold matter … is inflexible and without exception, for without jurisdiction the court cannot proceed at all in any cause." *Davis v. Dawgs of St. John, Inc.*, 20-cv-112, 2022 WL 17735829, at *4 (D.V.I. Dec. 16, 2022) ("Because jurisdiction is fundamental and a threshold matter, the Court will address Plaintiff's motion to dismiss for lack of subject matter jurisdiction first."); *Thomas v. Govt. of Virgin Islands*, 16-cv-18, 2020 WL 5094671, at *2 (D.V.I. Aug. 28, 2020) ("jurisdiction is a threshold matter and thus any challenge thereto must be resolved before any further proceeding.").

**DATED:** September 21, 2023      Respectfully submitted,

***/s/ H. Rick Yelton***
Korey A. Nelson, Esq.
H. Rick Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com

Warren T. Burns, Esq.
Daniel H. Charest, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

***/s/ J. Russell B. Pate, Esq.***
J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370
Christiansted, St. Croix, USVI 00821-0370
Telephone: (340) 777-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September, 2023, I caused a true and correct copy of the foregoing document to be served on all counsel of record through the Court's ECF Filing system.

                                                     ***/s/ H. Rick Yelton***
                                                   H. Rick Yelton